

# IN THE
# TENTH COURT OF APPEALS

## No. 10-17-00143-CR

**JOE LUIS BECERRA,**

$\qquad$**Appellant**

**v.**

**THE STATE OF TEXAS,**

$\qquad$**Appellee**

From the 361st District Court
Brazos County, Texas
Trial Court No. 14-03925-CRF-361

## MEMORANDUM OPINION

Joe Luis Becerra appeals from a conviction for possession of a firearm by a felon. *See* TEX. PENAL CODE § 46.04. Becerra complains that the presence of an alternate juror in the jury room during deliberations violated his Constitutional and statutory rights to a twelve-person jury. On original submission, this Court held that Becerra had failed to preserve his complaints regarding the alternate juror because his objection was not made timely. *See Becerra v. State*, No. 10-17-00143-CR, 2019 Tex. App. LEXIS 4850, 2019 WL

2479957 (Tex. App.—Waco June 12, 2019) (*Becerra I*). The Court of Criminal Appeals

reversed, stating that the objection was made timely because it was made when Becerra's

trial counsel became aware of the error. *See Becerra v. State*, 620 S.W.3d 745, 748 (Tex. Crim.

App. 2021) (*Becerra II*). The Court of Criminal Appeals remanded the proceeding for us

to consider the merits of Becerra's issues. This Court considered Becerra's complaints and

affirmed the judgment again. *See Becerra v. State*, No. 10-17-00143-CR, 2022 Tex. App.

LEXIS 2602 (Tex. App.—Waco Apr. 20, 2022) (*Becerra III*). The Court of Criminal Appeals

reversed, finding that the presence of the alternate juror constituted error pursuant to

Article 36.22 of the Code of Criminal Procedure and that this Court erred in its

determination that portions of the alternate juror's affidavit were inadmissible pursuant

to Rule 609 of the Rules of Evidence. *See Becerra v. State*, 685 S.W.3d 120 (Tex. Crim. App.

2024) (*Becerra IV*). The Court of Criminal Appeals remanded this appeal to this Court for

a "statutory harm analysis," to include the entirety of the juror's affidavit. *See Becerra IV*,

685 S.W.3d at 123, 147.[1]

> Article 36.22 of the Texas Code of Criminal Procedure states that:
>
> No person shall be permitted to be with a jury while it is deliberating. No person shall be permitted to converse with a juror about the case on trial except in the presence and by the permission of the court.
>
> TEX. CODE CRIM. PROC. art. 36.22. An alternate juror went into the jury room when

---

[1] Becerra has included new and reargued complaints regarding this error in his briefing on remand to this Court. However, because the scope of the remand from the Court of Criminal Appeals was limited to a "statutory harm analysis," we do not consider those issues.

the jury began deliberations and remained for approximately 45 minutes, when the State advised the bailiff that the alternate was in the jury room with the jury, and the bailiff brought it to the attention of the trial court. The trial court removed the alternate juror and placed him in a separate room.

The State requested that the trial court give an instruction to the jury after removing the alternate juror. Becerra made a motion for mistrial, although he could not point to any harm from the juror's participation at that time and made no attempt to establish harm by questioning either the actual jurors or the alternate. The trial court gave an instruction to the jury after it denied Becerra's motion for mistrial. Becerra did not object to the substance of the instruction given, which was as follows:

> Members of the jury, jury deliberations began at 9:45 a.m. At 10:31 a.m., the Court realized that the alternate juror, [alternate juror], was allowed into the jury room by mistake and [alternate juror] was at that time asked to separate from the jury. [Alternate juror] has been placed in a separate room over here and he will continue to serve as the alternate juror in this case. He simply cannot be present during the deliberations of the 12 jurors.
>
> You are to disregard any participation during your deliberations of the alternate juror, [alternate juror]. And following an instruction on this extra note that the Court received, you should simply resume your deliberations without [alternate juror] being present.

The jury was then sent back into the jury room to resume deliberations and it returned a verdict of guilty, which was confirmed when the members of the jury panel were polled individually.

After trial, Becerra filed a motion for new trial, which included, in relevant part, an allegation that Article 36.22 of the Code of Criminal Procedure had been violated. Becerra attached an affidavit to the motion, signed by one of the original twelve jurors. The juror's affidavit stated:

> My name is [juror]. I was a juror in *State of Texas v. Joe Becerra*, cause number 14-03925-CRF-361. During the jury deliberations in the case, the individual later identified by the trial judge as the "alternate juror" voted on the verdict of "guilty" ultimately returned by the jury. The alternate juror's presence in the jury room was not discovered until after the verdict vote was taken on guilt by the jury. After this vote, there was a question the jury had concerning the special issue submitted to the jury by the trial judge and when the bailiff appeared to collect the question, the bailiff realized the alternate juror was present in the jury room. Thereafter, alternate juror participated in the deliberation until the court bailiff came and collected us and brought us into the courtroom. After the alternate juror was excused the remaining 12 jurors did not revote on the issue of guilt as the verdict vote taken while the alternate juror was present in the jury room was unanimous.

The record establishes that the jury, with the alternate juror, retired to deliberate at 9:45 a.m. At 9:55 a.m., the jury sent out a note requesting a significant portion of the evidence from the trial. The record is silent as to what happened as a result of that note. At 10:31 a.m., the alternate juror was removed from the jury room, but the jury apparently continued deliberations without the alternate juror. At 10:45, the jury sent a second note relating to the deadly weapon finding in the jury charge. The trial court and parties agreed to address the second note at the same time the trial court was instructing the jury about the removal of the alternate juror, which occurred at 11:01 a.m. Becerra contends that "[t]he jury was not yet recomposed" at the time of the second note until the trial

court's instruction was given; however, there is nothing in the record to indicate that the 12 jurors were told to stop deliberations or were in any way otherwise separated from each other during the time between the removal of the alternate juror and the time the jury was brought into the courtroom for the trial court to give its instruction. If anything, the fact that the jury continued its deliberations shows that the actual twelve jurors were not impacted by the alternate juror's presence. The jury returned its verdict at 11:30 a.m., almost thirty minutes after returning to its deliberations.

The State argues that the juror affidavit should be disregarded because it contains a factual error and is therefore, not credible evidence. However, the Court of Criminal Appeals has mandated us to consider the entirety of the affidavit in our harm analysis, so we consider it, while recognizing that it may have inconsistencies with other parts of the record.[2]

In *Becerra IV*, the Court of Criminal Appeals instructed us to analyze harm pursuant to the standard for nonconstitutional error as follows:

> Ultimately, harm in a case in which an alternate juror participates in jury deliberations with a lawfully composed jury of twelve depends upon what the record reveals about the alternate juror's involvement in jury deliberations. There is no question that the trial court impaneled a "legal jury" of twelve jurors. Rather, the question is how the alternate juror's participation in deliberations with that lawfully composed jury affected the proceedings. If an examination of the entire record reveals that the alternate juror's participation in jury deliberations had a substantial or injurious

---

[2] The State argues that the juror's affidavit mistakenly asserted that the alternate juror's presence was discovered when the bailiff was collecting the second note, which was received almost 15 minutes after the alternate juror had been removed from the jury room.

effect in determining the jury's verdict, then it can be said that the error affected the defendant's substantial rights and cannot be disregarded. But the Court cannot recast the error at issue to require the application of a particular harm standard (or the abandonment of a harm analysis altogether) to reach a desired outcome.

Rule 44.2(b) of the Rules of Appellate Procedure sets out the proper standard for analyzing whether non-constitutional error resulted in harm. Under this standard, any non-constitutional error that does not affect substantial rights must be disregarded. An error affects substantial rights only if it has a substantial or injurious effect in determining the jury's verdict. If, on the other hand, after an examination of the record as a whole we have a fair assurance that the error did not influence the jury, or had but a slight effect, a reviewing court should not overturn the conviction. To the extent that Appellant argues that a reviewing court should consider whether the alternate juror improperly participated in the jury's ultimate verdict, that is a factor that should be considered when evaluating whether the violation of Article 36.22 affected Appellant's substantial rights.

*Becerra IV*, 685 120, 143-44 (internal citations omitted).

We have previously determined, and the Court of Criminal Appeals agreed, that the verdict was unanimous on the ultimate verdict received by Becerra by the twelve members of the jury not including the alternate juror. The record before us does not establish that the outside presence of the alternate juror, including any comment or vote made by the alternate juror, had any impact on the deliberations or vote of any other juror. The fact that the twelve jurors did not take a new vote after the trial court's instruction does not impact this determination. The jury was not instructed to take a new vote or restart deliberations and Becerra did not object to the failure to do so. There is nothing to suggest that the jury did not follow the trial court's instruction, and we will presume that they followed the unobjected-to instruction as given. *See Colburn v. State*,

966 S.W.2d 511, 520 (Tex. Crim. App. 1998).  Having reviewed the entire record, we do

not find that the error had a substantial or injurious effect in the jury's verdict.

**CONCLUSION**

We affirm the judgment of the trial court.


MATT JOHNSON
Chief Justice


Before Chief Justice Johnson,
     Justice Harris, and
     Justice Wright[3]
Affirmed
Do not publish
Opinion delivered and filed February 6, 2025
[CRPM]



---

[3] The Honorable Jim R. Wright, Senior Chief Justice (Retired) of the Eleventh Court of Appeals, sitting by assignment of the Chief Justice of the Supreme Court of Texas.  *See* TEX. GOV'T CODE §§ 74.003, 75.002, 75.003.